UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
) No. 08 CR 697
vs. )
) Violations: Title 18, United States
PETER POULAKIS ) Code, Sections 1341 and 641

JUDGE BUCKLO
MAGISTRATE JUDGE VALDEZ

FILED
09-04-08
SEP - 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL JUNE 2007 GRAND JURY charges:

1. At times material to this indictment:

   a. The United States Railroad Retirement Board ("RRB"), an agency of the United States as defined in Title 18, United States Code, Section 6, administered the payment of annuity benefit payments from the United States of America to individuals who qualified for such benefits under applicable laws and regulations.

   b. Pursuant to the Railroad Retirement Act of 1974 ("the Act"), the RRB was authorized to provide disability benefits to retired railroad employees. One category of benefits authorized under the Act was a total-and-permanent disability annuity ("Disability Annuity").

   c. For purposes of receiving a Disability Annuity, an individual was considered to be disabled only if he or she could not engage in substantial gainful activity because of a medically determinable physical or mental impairment, which must have lasted or was expected to last for a continuous period of at least 12 months.

   d. Substantial work activity was defined as work activity that involved doing significant physical or mental activities. Work could be substantial even if it was done on a part-time basis.

e. Gainful work activity was defined as work activity that the claimant did for pay or profit. Work activity was gainful if it was the kind of work usually done for pay or profit, whether or not a profit was realized.

f. A Disability Annuity was not payable for any month in which the person earned more than $400 (after deduction of impairment-related work expenses) in employment or self-employment of any kind.

g. A Disability Annuitant was required immediately to report any work, including self-employment, to the RRB.

2. Beginning in or around April 1996 and continuing to in or around November 2004, at Orland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

PETER POULAKIS,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud the RRB and to obtain money by means of materially false and fraudulent pretenses, representations, and material omissions, which scheme is further described in the following paragraphs:

3. It was part of the scheme that on or about April 17, 1996, PETER POULAKIS applied for a Disability Annuity by answering the questions on RRB Form AA-1d ("Form AA-1d"). In signing Form AA-1d, POULAKIS agreed immediately to notify the RRB if he performed any work, including self-employment.

4. It was further part of the scheme that on or about April 9, 1998, PETER POULAKIS again answered the questions on Form AA-1d and represented that he had not worked for an employer or been self-employed in the last 12 months, well knowing that these representations were false. In addition, in signing Form AA-1d, POULAKIS again agreed immediately to notify the RRB if he performed any work, including self-employment, and certified that he understood that

making a false or fraudulent statement in order to receive benefits from the RRB or failing to report earnings or employment of any kind to the RRB constituted a crime punishable under federal law.

5. It was further part of the scheme that from 1997 through 2005, POULAKIS was self-employed at Cindy's Plaza Café, and received income from such self-employment, which he intentionally and fraudulently failed to report to the RRB.

6. It was further part of the scheme that during 1997 and 1998, POULAKIS was self-employed as a limousine driver, and received income from such self-employment, which he intentionally and fraudulently failed to report to the RRB.

7. It was further part of the scheme that from January 2003 through November 2004, POULAKIS was employed at the Cook County Sheriff's Department, which he intentionally and fraudulently failed to report to the RRB.

8. It was further part of the scheme that, from in or about October 1996 to in or about November 2004, defendant PETER POULAKIS intended to and did cause the United States government, through the RRB, to suffer losses in the form of monthly Disability Annuity payments totaling approximately $120,506.12.

9. It was further part of the scheme that defendant PETER POULAKIS concealed, misrepresented and hid, and caused to be concealed, misrepresented and hidden, the existence and purpose of the scheme and acts done in furtherance of the scheme.

3

10. On or about July 1, 2004, at Orland Park, in the Northern District of Illinois, and elsewhere,

PETER POULAKIS,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be delivered by U.S. Mail United States Treasury check number 2049 23892463 in the amount of $1,072.03, representing a Disability Annuity payment;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth below.

2. On or about August 2, 2004, at Orland Park, in the Northern District of Illinois, and elsewhere,

PETER POULAKIS,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be delivered by U.S. Mail United States Treasury check number 2049 74381825 in the amount of $1,072.03, representing a Disability Annuity payment;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THREE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 9 of Count One of this indictment are realleged and incorporated as though fully set forth below.

2. On or about September 1, 2004, at Orland Park, in the Northern District of Illinois, and elsewhere,

### PETER POULAKIS,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be delivered by U.S. Mail United States Treasury check number 2049 24570092 in the amount of $1,072.03, representing a Disability Annuity payment;

In violation of Title 18, United States Code, Section 1341.

## COUNT FOUR

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations of paragraph 1 of Count One of this indictment are realleged and incorporated as though fully set forth below.

2. On or about July 7, 2004, at Orland Park, in the Northern District of Illinois, and elsewhere,

### PETER POULAKIS,

defendant herein, did knowingly convert to his own use money belonging to the United States, namely, in excess of $1,000 in funds in the form of a Disability Annuity payment from the RRB, which funds defendant was not entitled to receive;

In violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations contained in Counts One, Two, Three and Four of this indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violation of Title 18, United States Code, Section 1341, as alleged in Counts One, Two and Three of this indictment and Title 18, United States Code, Section 641, as alleged in Count Four of this indictment,

PETER POULAKIS,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interest of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) includes but is not limited to: approximately $120,506.12.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the Court;

    (d) Has been substantially diminished in value; or

  (e) Has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

  All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

              A TRUE BILL:

              _____

              FOREPERSON

_____

UNITED STATES ATTORNEY